Monday, May 16. The Judges delivered their opinions.
JUDGE TUCKER.
Rainbow brought an action on the case against Taylor for shooting off a gun, and wounding him in the leg, “so that his leg, by reason thereof, was obliged to be amputated and taken off, and then the plaintiff’s business in the mean time was in consequence thereof neg *481 lected; and the plaintiff put to great expense in the *cure,” &c. The declaration begins, “For that whereas the defendant, with force and arms, a certain gun, loaded, &c. did shoot,” &c. It appears, from a bill of exceptions at the trial, that it was proved that the defendant, through neglect, and for want of due caution, but without any design to injure, discharged a loaded gun in a public place, where many people were assembled, and that the contents were lodged in 'the plaintiff’s leg, in consequence of which it was cut off; that he was thereby unable to carry on his business, and put to great expense in the cure, &c. And the opinion of the Court was required as an instruction to the Jury, whether the plaintiff could maintain this action, upon these facts. The Court being of opinion that he could, there was a verdict and judgment for the plaintiff, which was affirmed in the District Court, from which judgment there is an appeal to this Court.
The great point in question in this cause is, whether the plaintiff ought to have brought an action of trespass vi et armis for this injury, and alleged the loss of his leg, the expense of the cure, and the consequent inattention and neglect of his business, by way of aggravation of his damages; or whether he can maintain this action, which is agreed on all hands to be an action on the case, and not trespass vi et armis; there being no assault charged, &c. and many other circumstances which clearly designate it as an action on the case.
There are some cases where one may have either trespass vi et armis, or an action upon the case, at his election; as in Wheatly v. Stone, Hob. 180, Tiffyn v. Wingfield, 3 Cro. 325, and in a much more modern case, Slater v. Baker and Stapleton, 2 Wils. 362, which is certainly a very strong one — being a special action on the case for unskilfully breaking and disuniting the callus of the plaintiff’s leg, after it had been set, and the callus formed. The plaintiff declared upon their undertaking the cure of his leg, which had been broken and set, and the callus of the fracture formed; and that, not regarding their promise, *&c. they had ignorantly and unskilfully broke it, &c. And after verdict it was objected, that it ought to have been trespass vi et armis; but it was answered by the Court, that it was ignorance and unskilfulness to do contrary to the rule of practice in the profession, for which this action would lie, and the plaintiff had judgment. The plaintiff, in this case, having declared upon a special undertaking to cure his leg, seems to have been entitled to his action founded upon that undertaking, although the means made use of to effect a cure might have been such, as, if not founded upon a previous contract, and consent on the part of the plaintiff to submit to whatever they might think proper to be done for his cure, might have amounted to a violent breach of the peace. As, suppose a surgeon called in to amputate a leg, should do it in the wrong place, or so unskilfully, as to render a second amputation in another part indispensably necessary; although the cutting off the leg would, without the patient’s consent, well have justified an action of trespass vi et armis, yet, being done with his consent, and in the way of his profession and undertaking, an action of trespass on the case, (founded upon his ignorance and un-skilfulness in performing what he had undertaken,) would seem to be the proper remedy, and not trespass vi et armis. But, where there is no such undertaking or agreement on the part of the defendant, nor any consent or agreement on the part of the plaintiff, the distinction as laid down by Lord Ch. J. Raymond, in the case of Reynolds v. Clarke, 2 Ld. Raym. 1402, and 1 Strange, 634, is_, that, where the act done is, in itself, an immediate injury to another’s person or property, there trespass vi et armis will lie; but where the act is not immediately injurious, but only by consequence, and collateral^, there no action of trespass vi et armis will lie, but a special action on the case for the damages consequent on such act. This distinction is adopted by Judge Blackstone in his Commentaries, vol. 3, p. 123. The same was adopted by the Court oí K. B. in the case of Howard v. Bankes, 2 Burrow, 1114, “'which was an action on the case, for damage done to the plaintiff’s colliery, by what the defendant had done in his own colliery, and within his own soil. On a motion in arrest of judgment, the Court said, ‘The plaintiff describes in his declaration a fact which, as it comes out at the trial, may, or may not, be a proper strict trespass.” It might, at the trial, be proved to be either trespass, or case, according to the evidence. And, it appears, that it was here proved at the trial, to be trespass upon the case. If it had been proved to be trespass vi et armis, the plaintiff must, in that event, have been nonsuited. The case of Harker et al. v. Birbeck et al., 3 Burr. 1556, was also an action on the case, in which the plaintiffs declared that they were lawfully entitled to the sole liberty and privilege of digging for, getting, and raising lead-ore, within a certain place, and that the defendants, intending to injure them, and to deprive them of all the benefit and advantage of getting and raising lead-ore, did sink for, and raise, a large quantity within the same limits; whereby they were deprived of the benefit and advantage of their privilege. Upon a special case stated, the Court was of opinion, that the plaintiffs being in possession of the mine, the injury done was a trespass, and that the action ought to have been trespass; and judgment was given for the defendants. The same case is reported by Sir William Blackstone, vol. 1, 482. He concludes the opinion of the Court, as delivered by Lord Mansfield, in these words: “The plaintiff is cestui que trust in possession, and therefore was entitled to an action of trespass, and no other, for the present injury.” These authorities clearly shew, that the rule, as to the distinction of these actions, is now settled, that where the act done is an immediate injury to another’s person or property, and without, or against his consent or *482 agreement, there the proper and only remedy is by action of trespass vi et armis. (a) But here another distinction occurs. It is said, that, to constitute a trespass, for which an action of trespass vi et *armis is maintainable, the act causing the injury must be voluntary, and with some degree of fault; for if done involuntarily, and without fault, no action of trespass vi et armis lies, (b) As, where the defendant drove the plaintiff’s sheep out of his own ground with a dog that chased and followed them into the plaintiff's ground, it was held, that the defendant might justify chasing the sheep off his own ground, and, as the dog could not be suddenly called in, the trespass and injury was involuntary, it appearing that the defendant had called the dog in; and the defendant had judgment. But that, in an action on the case, it is no excuse for a defendant that an injury was involuntary on his part; for if any damage is caused to another from the folly, or want of due care and caution in such defendant, an action on the case lies. (c) As, where an unruly horse is brought into a place of public resort to break, though the person might not intend to do an injury to any one, yet, if the horse kick or otherwise hurt any one, he shall have an action on the case; for it was folly and want of care to bring him to such a place, for such a purpose, (d) But, in this case, the injury might have proceeded, not from the immediate act of the defendant, viz. the bringing the horse into the public place, but from a consequential act of the horse, which it was the defendant’s folly not to have guarded against. But, if the defendant had rode over any person in a public place, unless his horse had suddenly taken fright and run away with his rider against his will, the authorities are clear, that an action of trespass vi et armis would have been proper, (e) For, where, from the nature of the act, the time and place when and where it was done, make it highly probable, that some personal damage will immediately happen thereby to somebody then present, in a public place; as where the defendant threw a lighted squib into a market, which was tossed to and fro till it struck the plaintiff’s eye, and put it out, there trespass vi et armis is the proper action. (f)
*The case of Mosley v. Gaisford, 2 H. Bl. 402, which was an action on the case against a master for injury done to the plaintiff’s chaise, by his servant’s negligently driving his cart against it in the. highway, may seem in contradiction to the cases I have before cited. But, it must be recollected, that that was an action against the master, not against the servant who committed the injury. And, on motion in arrest of judgment, for that the action should have been trespass vi et armis, the Court said it would be difficult to put a case where the master could be considered as a trespasser, for an act of his servant, not done at his command. But, in Savignac v. Roome, 6 T. R. 125, the Court of King’s Bench decided otherwise, and arrested the judgment, because the action brought, was an action upon the case instead of trespass vi et .armis. And the decision in Day v. Edwards, 5 T. R. 648, was to the same effect.
In the present case the plaintiff, begins his declaration with complaining against the defendant in a plea of trespass on the case, “for this,” &c. The whole declaration is manifestly a declaration in case, and not in trespass vi et armis. In Byrd v. Cocke, 1 Wash. 232, this Court observed, that the declaration being in debt, although after a verdict, they could find no authority to justify a rejection of that part as sur-plusage, which designated it to be an action of debt; and for that reason reversed the judgment. The case of Gibbons v. Jameson, Nov. 15, 1804, was reversed upon the same point, because the plaintiff had brought an action of debt for military certificates.
With respect to the special damages which the plaintiff would be entitled to recover in consequence of this injury, it is said that many things may be laid in aggravation of damages, for which alone trespass would not lie. (g) And the case of Scott v. Shepherd, 3 Wils. 403, furnishes a precedent of a declaration that would be proper in such cases. And, as no objection was taken to the declaration on that ground, nor to the damages, which were evidently given not only as a recompense for the loss of the plaintiff’s eye, *and the pain he suffered from that injury, but also as a satisfaction for the expense he was put to in the cure, I conceive that it affords a strong presumption that it was not liable to any.
This is undoubtedly a case of very great hardship, and I have felt every disposition to support, if possible, the verdict of the Jury; but the authorities are too strong and conclusive against this action, in its present form. I therefore think the judgment must be reversed, and judgment given that the plaintiff take nothing by his declaration, &c.
JUDGE ROANE-
There is no position in the law more clearly established than this; that, “wherever the injury is committed by the immediate act complained of, the action must be trespass.” (h) This doctrine is also to be found in a great variety of other cases. In Deame v. Bray, (i) the Chief Justice says, that ‘ ‘if the injurious act be the immediate result of the force originally applied by the defendant, it is the subject of an action of trespass vi et armis by all the cases ancient and modern; and that it is immaterial whether the injury be wilful or not.” He then refers to several cases which are entirely analogous to the case before us; as, where one shooting at butts, for trial of skill, with a bow and arrow, and having no unlawful purpose in view, wounded a man, it was hotden to be trespass. So in the case of Weaver v. *483 Ward, where a like unfortunate accident happened whilst persons were lawfully exercising themselves in arms. And this doctrine is said by one of the Judges in that case, to be traced up to the Year Books.
The case of the squib, in Scott v. Shepherd, (a) goes infinitely beyond our case, and was yet held to be trespass, Blackstone, J., dissentiente. If the injury had been done to the person upon whom the squib first alighted, it would have been similar to the ■case at bar; and, in that view, it is supposed that that Judge would have concurred: he could “not have dissented ; because then it could not have been pretended that the injury was merely consequential.
Case therefore will not lie in the present instance. This seemed to be, in a measure, conceded by one of the appellee’s counsel; but he endeavoured to get round the objection by waiving the trespass, considering all that part of the declaration, which relates to the force, as mere inducement, ■and going only for the consequential injury. No precedent, however, justifies that attempt in a case like the present. It might -equally be argued, that, in the case of a battery, a man could sustain trespass on ■the case for the pain and injury arising -from the infliction of the blows.
This concession establishes, however, as ■far as the concession of counsel can establish it, the only material point in the cause, (considered in relation to the general question,) and which was sufficiently clear before, namely, that the declaration in question is a declaration in case. The plaintiff tells us, that it is so, totidem ver-bis. It begins, “Thomas Rainbow complains of John Taylor, in custody, &c. of a plea of trespass on the case.” It omits the •contra pacem; it has no averment that the gun was shot against the plaintiff; (allegations which would naturally have been found in a declaration in trespass;) and, •on the whole context, appears to be a declaration in case. On the other hand, indeed, the act is stated to have been done with force and arms; and the question is, whether this circumstance, in opposition to all the circumstances just mentioned, will pin it down to be a declaration in trespass?
In the case of Day v. Edwards, the declaration did not indeed charge the act to have been done with force and arms, in so many words; but it charged in very em-phatical terms, (twice repeated,) that the defendant drove his cart “furiously,” and that it was then and there “driven and struck with great force and violence against the carriage of the plaintiff;” and yet judgment was given for the defendant, on the ground that the action should have been trespass. So, in Savignac v. Roome, 6 Term Rep. 125, “where the declaration charged the driving one carriage “willfully against” another, the judgment was arrested; because case would not lie for this injury. In that case, after observing that “the bounds of the different actions should be preserved,” Eord Kenyon added, that “the whole frame and structure •of the declaration shew that it is an action on the case, and that the memorandum” (which the Judges looked into) “is of an action on the case. ’ ’ This latter circumstance might perhaps (if necessary) justif3' us in looking into the writ and in-dorsement in this case, (of which oyer is craved,) and which expressly state the action to be an action on the case. The case of Byrd v. Cocke,(b) seems also to shew that the Court will designate a declaration according to its general form and structure.
Considered, however, as a declaration in trespass, I am strongly inclined to think that the trespass is not sufficiently charged, being only under a quod cum. On this point, however, I will merely refer to the ground of my opinion in the case of Ballard v. Leavell. (c) If any aid could (in this view)be derived from the writ and indorsement to cure the want of a positive averment, that writ and indorsement would equally shew, bej'ond all controversy, that the declaration is in case, and thus cut up by the roots the plaintiff’s right to recover.
On these grounds, I am of opinion, (however I may regret it,) that the decision of the Court stated in the bill of exceptions is erroneous; that this action cannot be sustained; and that the judgment must be reversed, and entered for the defendant.
JUDGE EIEMING.
Were it not that I think myself tied down, and bound by precedents, I should have differed in opinion from the Judges who have preceded me on the first great point in this cause, (to wit, the nature of the action,) because it does appear to me, from the reason of the thing, and upon sound general principles, that three things “only are essentially requisite to maintain an action: 1st. That the plaintiff make out such a case as will entitle him to recover; 2dly. That he state his case in such a manner as to afford the defendant a fair opportunity of making a full and complete defence; and, 3dly. So that a recovery in the suit may be pleaded in bar to any future action for the same cause. All this seems to have been done in the case now before the Court. But a line of distinction between actions of trespass vi et armis, and actions of trespass on the case, seems to have been settled in the case of Reynolds v. Clarke, (d) in which it is laid down, that, where the immediate act itself occasions a prejudice, or is an injury to the plaintiff’s person, house, land, &c. the remedy is by action of trespass vi et armis; but, where the act itself is not an injury, but a consequence from that act is prejudicial to the plaintiff’s person, &c. his remedy is by an action on the case. And this doctrine is further illustrated and confirmed, in the case of Hayward v. Banks, 2 Burr. 1114, in that of Harker and others, in 1 Bl. Rep. 482, and more at large in 3 Burr. 1556, in Scott v. Shepherd, 2 Bl. 892, and in other cases that have been already cited. In many of those cases, the Judges have declared the necessity of keeping up the distinction, to avoid a confusion of actions.
It appears from the record in this case, that the injury to the plaintiff was immediate, being occasioned by the discharge of *484 a gun by the appellant; and that, according to the cases cited above, he has mistaken his action, which ought to have been trespass vi et armis, instead of an action on the case. And therefore, without deciding on any other points in the cause, I am constrained, under those authorities, to concur in opinion, that the judgments of both the Courts below are erroneous, and must be reversed.
By the whole Court, (absent JUDGE LYONS,) the judgments of the District and Borough Courts reversed.

 2 Esp. 598.

 1 Esp. 313.

 1 Esp. 383, Ib. 313, cites 4 Burr. 2092, Hobart, 138, Weaver v. Ward.

 2 Rev. 16.

 Bull. N. P. 16, 1 Esp. 513, 3 Wils. 411. 412.

 Scott v. Sheppard, 3 Wils. 403, 2 Bl. Rep. 892, S. C.

 Bull. N. P. 89, Str. 61, Dix v. Brookes.

 Day v. Edwards, 5 Term Rep. 649.

 3 East, 599.

 2 Bl. Rep. 892.

 1 Wash. 232.

 8th Nov. 1805, MS.

 2 Bd. Raym. 1402, and 1 Sira. 634.